UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ASSYRIAN AMERICAN NATIONAL FEDERATION, a New York not-for-profit corporation,

Plaintiff,

vs.

ASSYRIAN AMERICAN NOTIONAL FEDERAL, a California corporation, et al.,

Defendants.

_________________________________/

CASE NO. CV F 13-0890 LJO SAB

**TEMPORARY RESTRAINING ORDER**
(Doc. 10.)

**PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider, and if necessary, to reconsider consent to a U.S. Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and

older civil cases. A Magistrate Judge consent form is available on this Court's website.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by a U.S. Magistrate Judge.

**ORDER**

Plaintiff Assyrian American National Federation, Inc., a New York not-for-profit corporation ("plaintiff"), seeks to enjoin defendants Ramin Odisho, Assyrian American National Federation, Inc., a California corporation ("California AANF"), Assyrian American National Federal, Inc., an Illinois corporation ("Illinois AANF"), and other individual defendants to use and infringe on plaintiff's trade name and mark. After review of the parties' papers and on the basis of good cause, this Court:

1. ENJOINS Ramin Odisho, California AANF, Illinois AANF, and their directors, officers, employees and agents from:

A. Using plaintiff's name, Assyrian American National Federation, Inc., or any confusingly similar variation thereof, in the marketing, advertising, or promotion of their business activities;

B. Using plaintiff's mark, which consists of an insignia depicting a five-legged, winged lion standing over a chain strewn above an open book bearing traditional Christian and intellectual symbols with the name Assyrian American National Federation, Inc. printed along the bottom of the seal and Aramaic writing printed along the top, or any confusingly similar variation thereof, in the marketing, advertising, or promotion of their business activities;

C. Using plaintiff's name and mark (identified above) in marketing, advertising or promoting a Labor Day Weekend convention in Las Vegas; and

D. Holding out or referencing their Labor Day Weekend convention in Las Vegas as an "80th Annual Convention," or any confusingly similar variation thereof;

2. ORDERS plaintiff to serve this order on all defendants in this action;

3. ORDERS defendants in this action, no later than July 22, 2013, to file and serve papers to oppose a preliminary injunction as to use of plaintiff's trade name and mark; and

4. ORDERS plaintiff, no later than July 29, 2013, to file and serve reply papers as to a preliminary injunction.

This Court will treat plaintiff's papers filed on June 21, 2013 (doc. 10) as plaintiff's opening moving papers for a preliminary injunction. Pursuant to its practice, this Court will consider issuance of a preliminary injunction on the record without a hearing.

This temporary restraining order will remain in effect until this Court orders otherwise.

IT IS SO ORDERED.

Dated: **June 27, 2013**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE